UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BUILDING SERVICE 32BJ PENSION FUND,
BUILDING SERVICE 32BJ SUPPLEMENTAL
RETIREMENT AND SAVINGS FUND, BUILDING
SERVICE 32BJ LEGAL SERVICES FUND, and
BUILDING SERVICES 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP and SAFETY FUND,

                            Plaintiffs,

                   v.                        Docket No. 18-CV-3870

6 E. 97th STREET, LLC a/k/a
6 EAST 97th STREET, LLC.,

                            Defendant.
----------------------------------------------------------------X

USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1-30-19

## STIPULATION OF SETTLEMENT

WHEREAS, Building Service 32BJ Pension Fund ("Pension Fund"), Building Service 32BJ Supplemental Retirement and Savings Fund ("SRSP Fund"), Building Service 32BJ Legal Services Fund ("Legal Fund") and Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund ("Training Fund"), herein collectively referred to as the "Funds," have commenced an action in the above captioned matter ("Action"), against 6 E. 97th Street, LLC a/k/a 6 East 97th Street, LLC. ("Defendant"); and

WHEREAS, the Defendant has denied all claims raised by the Funds; and

WHEREAS, the Funds and Defendant wish to resolve all disputes between and among them arising from the Action ; and

WHEREAS, by entering into this Settlement Agreement, the Defendant does not admit any liability;

**IT IS HEREBY STIPULATED AND AGREED** by and between the Funds and the Defendant:

1.      The Defendant agrees to pay and the Funds agree to accept the total sum of $121,046.11 ("Settlement Amount"), of which $45,000.00 represents the amount that the SRSP Fund claims as due, consisting of all principal alleged due for payment on behalf of Alexander Witkowski, plus the income said contributions would have yielded if said contributions had been made timely and had they been invested in the SRSP default investment option. Upon payment of the full amount set forth herein, the sum of $45,000.00 shall be allocated to Alexander Witkowski's SRSP investment account. The balance shall be allocated by the Funds in the manner determined by the Trustees. Within one-hundred and fifty days of the execution of this Settlement Agreement, the Defendant shall deliver payment of the Settlement Amount to the offices of Raab, Sturm & Ganchrow, LLP., attention: Ira A. Sturm, 2125 Center Avenue, Suite 100, Fort Lee, New Jersey 07024 ("Raab Firm"). If the Settlement Amount is not delivered as per the above within ninety (90) days of the Defendant signing this Settlement Agreement, the interest sum of $907.85 shall be added to the Settlement Amount, for a new Settlement Amount of sum of $121,953.96. If the Settlement Amount is not delivered as per the above within one hundred and twenty (120) days of the Defendant signing this Settlement Agreement, the additional interest sum of $907.85 shall be added to the Settlement Amount, for a new Settlement Amount of sum of $122,861.8. If the new Settlement Amount is not delivered as per the above within one hundred and fifty (150) of the defendant signing this Settlement Agreement, the Defendant shall be in default.

2.      **General Release of All Claims.**

Upon payment of the Settlement Amount as described in the preceding paragraph:

A.      The Funds, in consideration of the payment described above, voluntarily and irrevocably release and forever discharge Defendant, its officers, directors, employees,

administrators, successors, assigns, and agents, from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever, with respect to any alleged acts occurring from the beginning of time through the effective date of this Agreement, including all causes of action raised in the Action, except not released is any potential claim by the Pension Fund for withdrawal liability contributions under ERISA.

B. The Defendant, voluntarily and irrevocably releases and forever discharges the Funds, their respective officers, directors, employees, administrators, successors, assigns, and agents, from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever, with respect to any alleged acts occurring from the beginning of time through the effective date of this Agreement, including all potential counterclaims that were or could have been raised in the Action.

3. In consideration of the above, the Funds agree not to institute any legal action or process toward collection of $145,255.33 ("Affidavit Sum") against the Employer including, inter alia, instituting court proceedings, entering the Affidavit of Confession of Judgment, unless and until an Event of Default has occurred under this Stipulation. The Fund further agrees that the Funds' attorneys shall hold the Affidavit of Confession of Judgment in escrow and that the Funds will not enter the Affidavit of Confession of Judgment, unless and until an Event of Default has occurred under this Stipulation.

4. The Employer will be considered in default of this Stipulation if it fails to timely deliver to the Fund's attorney the Settlement Amount set forth in paragraph 1 above within the one hundred and fifty (150) day payment period, and such failure is not cured within five (5) days after notice to cure any defaults [an "Event of Default"]. If after five (5) business days the

Defendant has failed to cure the default, and an "Event of Default" is thereby deemed to have occurred, the "Affidavit Sum", will immediately become due to the Funds and the Funds may enter the Affidavit of Confession of Judgment up to the maximum amount set forth in the Affidavit of Confession of Judgment without further notice.

5. Written notice of such default will be sent by recognized overnight mail service to the Defendant at _Adar Housing & Development 5318 New Utrecht Ave, Brooklyn, NY 11219 Attn: Eliezer Spira_ . A copy shall also be sent electronically to Defendant's attorney, Cara O'Sullivan at: cosullivan@kbrlaw.com. Notice of Default shall be deemed served on the next business day after mailing of the overnight letter and the reasonable attempt to transmit the notice to Defendant's attorney at the above listed electronic mail address. Service is deemed complete regardless of whether the Defendant actually signs for the overnight letter or actually accepts the electronic mail transmissions.

6. In the event of a default in this Stipulation, the parties to this Stipulation agree that the Employer will be liable to the Funds for any and all additional interest 9%per annum, reasonable attorney's fees ($400.00 per hour), costs and disbursements to enforce the terms of this Stipulation, the entering the Affidavit of Confession of Judgment, and the execution upon any Judgment.

7. Upon full compliance with this Settlement Agreement the Fund will return the original Affidavit of Confession of Judgment to the Defendant.

8. This Stipulation supersedes all prior agreements and understandings between the parties and constitutes the entire agreement of the parties with respect to the time period and subject matter hereof. No provision of this Stipulation shall be modified, amended, extended, terminated or waived except by writing, specifically referring to this Stipulation and signed by all parties hereto.

9. Upon this agreement becoming effective, the parties shall request that the Settlement be "so ordered" by the United States District Court and that the Action be marked closed.

10. This Stipulation of Settlement shall not be valid and in full force and effect until signed by the attorney for the Funds and all documents due from the Defendant (Signed Stipulation and Affidavit of Confession of Judgment) are received by the attorneys for the Fund.

IN WITNESS WHEREOF, Building Service 32BJ Pension Fund, Building Service 32BJ Supplemental Retirement and Savings Fund, Building Service 32BJ Legal Services Fund and Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund and 6 E. 97th Street, LLC a/k/a 6 East 97th Street, LLC. have duly executed this Stipulation of Settlement on the dates set forth below.

6 E. 97th Street, LLC a/k/a 6 East 97th Street, LLC.

By: _____

print name: MICHAEL GELFMAN

On this 29th day of Nov, 2018 before me came, to me known, who by me duly sworn did depose and state that deponent is the President of 6 E. 97th Street, LLC a/k/a 6 East 97th Street, LLC., and that he/she executed the foregoing Stipulation of Settlement by order of the Board of Directors of 6 E. 97th Street, LLC a/k/a 6 East 97th Street, LLC., and that deponent signed his/her name by like order.

_____
Notary Public

BRIAN D. PAHK
NOTARY PUBLIC-STATE OF NEW YORK
Registration No. 01PA6248720
Qualified in Kings County
Commission Exp September 19, 2019

Building Service 32BJ Pension Fund
Building Service 32BJ Supplemental Retirement and Savings Fund
Building Service 32BJ Legal Services Fund
Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund
By: _____ Date: Dec 4, 2018
Ira A. Sturm- Attorney

SO ORDERED: _____ DATE: 1-30-19

U.S.D.J.